IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
TRENTON JORDAN,                : CASE NO. 3:04-CV-7259
                               :
                   Petitioner, :
                               :
       -vs-                    :
                               : <u>ORDER ADOPTING REPORT AND</u>
MARGARET BRADSHAW,             : <u>RECOMMENDATION AND</u>
                               : <u>DISMISSING HABEAS PETITION</u>
                   Respondent. :
------------------------------------------------------ :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Before this Court is Trenton Jordan's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254.  (Docket # 1).  This case was automatically referred to United States Magistrate Judge James S. Gallas for a Report and Recommendation ("R&R"). (Docket # 24).  On 7 October 2004, respondent filed a motion to dismiss the petition as untimely under 28 U.S.C. § 2244(d).  (Docket # 15).  Subsequently, numerous motions and responses were filed by both parties.  (Docket # 18-42).  On 13 September 2005, Magistrate Judge Gallas filed his R&R, recommending the Court grant respondent's motion to dismiss due to untimeliness pursuant to 28 U.S.C. § 2244(d).  (Docket # 44).  Petitioner filed a timely objection to the R&R on 22 September 2005. (Docket # 45).

Under Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* those portions of the Magistrate Judge's report and recommendation to which specific objections are made. Upon review, this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  In the Sixth Circuit, objections to a magistrate judge's R&R

"must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). Further, "a general objection to the entirety of the magistrate's report has the same effects as would a failure to object." Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

In his objections to the R&R, petitioner neither makes specific objections to the R&R, nor directs this Court to factual information that could lead to a different conclusion. Instead, petitioner simply argues the Magistrate Judge has unreasonably granted respondent's motion to dismiss, and that petitioner's brief in opposition should be reconsidered. In pertinent part, the objection states:

> Petitioner submitted a detailed response citing applicable case law showing why he did not file his habeas corpus petition within the time prescribed for such filing. . . . Petitioner feels that he presented a colorful [sic] claim and that a reasonable jurist can come to a different conclusion as it related to the Magistrate's report and recommendation.

(Docket # 45, Pg. 2). Pursuant to the Court's decisions in Miller and Howard, petitioner's objection is ineffective.

Moreover, the record clearly represents the petition was untimely, and petitioner has not demonstrated that he is entitled to equitable tolling. Therefore, Jordan's petition is invalid pursuant to 28 U.S.C. § 2244(d)'s one-year statute of limitations.

Accordingly, the Magistrate Judge's R&R is adopted and Mr. Jordan's petition is dismissed without further proceedings.

IT IS SO ORDERED.

/s/Lesley Wells
UNITED STATES DISTRICT JUDGE